## South's and Hoy's heirs vs. Carr.

CHANCERY.

Error to the Fayette Circuit; JESSE BLEDSOE, Judge.

Case 97.

*Process. Non compos mentis. Orders of publication. Executors. Heirs. Decrees.*

Judge MILLS delivered the Opinion of the Court.

June 21.

THIS is a bill of revivor, to revive proceedings, and obtain a decree, according to the principles laid down and decreed by this court, in the case of Carr vs. Callaghan, 3 Litt. Rep. 365, this being a bill to revive the same suit. The revivor was had and the decree pronounced by default against the personal representatives as well as heirs of William Hoy and John South dec'd. there having been no answer filed by any of the defendants, except by infants and two adults.

Case stated.

The decree cannot be supported, and that for the following reasons:

There is a writing on the subpœna, purporting to be an acknowledgment of the defendants, Moses Davidson and Aaron Rogers, but no proof that it is genuine.

Proof of the endorsement of the acknowledgement of the service of a subpœna in chancery, must appear in the record.

There is no service of process on Theodosia Flournoy, one of the heirs of Hoy.

There is no answer for the lunatics or insane defendants, of which there are two in the cause, or any steps defending them by committee, either general or special.

Parties non compos mentis.

There is a special guardian appointed to answer for the infant children of Kezia Brown, who answers accordingly. But for how many of said children he appears, or how many are infants we are not told. It is not pretended in the bill that they are all infants, and they are ten in number, and no process was ever executed on any of them.

Infant defendants in chancery.

There is an order of publication against William Hoy, Jones Hoy, and Rowland H. South, and a certificate that it was inserted; but by whom that certificate was given, whether by the editor or by a stranger does not appear. Nor does it appear by the certificate that the order was inserted for any two months intervening between the making of the order and the day of appearance.

Orders of publication.

SOUTH'S AND
HOY'S h's
vs.
SNELLING.

---

Where the executor denies assets, and there is no proof, the decree cannot be for the assets in his hands, but *quando acciderint.*

If in such case assets be proved to some amount, but not sufficient to satisf the demand, the decree ought to order the payment out of the assets in hand for that amount, and *quando* for the residue.

As the decree is to be reversed for these errors, and the cause must be remanded for new proceedings, we cannot help remarking an impropriety in drafting the decree, which could pay no compliment to the draftsman. Tunstal, the exector of Hoy, denied the existence of assets, and yet the decree is rendered against the assets, "in, or which may come, to his hand." He ought not, without proof of assets, to have been subjected to a decree for assets in his hands.

And if there had been proof of assets, the decree ought to have carefully discriminated between those which were in his hands, and those which should yet come to his hands, directing the payment of the whole positively, out of the assets in his hands, if there were enough to satisfy the decree. If there were some, but not enough, then the payment as to so much as was in his hands, ought to have been directed positively, of the assets, which were of the decedant at the time of his death, and which had come to his hands to be administered, and as to the residue, out of the assets which belonged to the decedant at his death, and which should thereafter come to his hands to be administered. In like manner, Mrs. South, as the administratrix of John South, made no answer. The decree as to her, by her default, ought to have directed the payment out of the assets which were of the decedant at his death, and which had come to her hands to be administered. But in no case, could it be proper to render the decree, against these personal representatives, to be paid out of the assets which were in, and also which should thereafter come to the hands, of such representative to be administered. In *this* respect, the decree of the chancellor ought to pursue, generally, the course of judgments in a court of law. If there be a default, it may be taken as a confession of assets, and the decree ought to be rendered in such languague, as explicitly to operate on the assets which were of the decedant at his death and which had come to the hands of the representative to be administered. If the want of assets is put in issue, the quantum existing is to be tried. If found for the administrator or executor then the decree is to

be rendered wholly *de bonis quando acciderint.* If there be enough on hands to satisfy only part of the demand, then such part is to be levied of the estate already on hand, and the residue *de bonis quando acciderint.* But that any part, or the whole, should be rendered, either of one or both kinds of assets, is a novelty in legal proceedings.

It is still more ludicrous to observe in this decree against the heirs, that it has been supposed that the heir could take assets, as the administrator does, at different times. Hence the decree is so expressed as to reach not only the assets descended, but those which should thereafter descend, providing for a future supposed descent; an event which could never happen.

The decree is reversed, with costs; and the cause remanded for new proceedings, not inconsistent with this opinion, and the rules and usages of a court of equity.

*Haggin* for plaintiffs; *Wickliffe* for defendant.

---

*SOUTH'S AND HOY'S h's vs. CARR.*

There can be no decree against heirs *quando*; for there cannot be a future descent of assets to them.